## SIMS v. GARRINGTON.

### Civ. No. 998.

District Court, S. D. Florida.
Jacksonville Division.

April 17, 1947.

I. Walter Hawkins, of Daytona Beach, Fla., for plaintiff.

Ray Selden, of Daytona Beach, Fla., for defendant.

DE VANE, District Judge.

The Office of Price Administration issued an order effective as of February 1, 1945, establishing a rent control area in Volusia County, Florida, comprising Daytona Beach-Allandale Defense Rental Area. On or about November 20, 1945 the wife of defendant registered the premises located at 110 Warnock Place, Allandale, Florida, with the Office of Price Administration as a first rental, at $45 per month. The premises, theretofore, on or about September 8, 1945 had been rented by defendant to plaintiff at this rental.

On or about January 21, 1946 the Rent Director for this area informed defendant that he had in his possession information indicating that the premises had been rented on January 1, 1944, the maximum rent date, at a rental of $15 per month. On this date defendant had collected from plaintiff four months rental at the rate of $45 per month. Without waiting for an order from the Office of Price Administration establishing the rental at $15 per month,

defendant, assuming the $15 rental to be the correct one, reduced plaintiff's rent accordingly and secured two postal money orders totalling $120, payable to plaintiff, which represented the overcharges he had made plaintiff. Due to the bad relationship that existed between plaintiff and defendant at the time defendant secured the services of a Deputy Sheriff of his community to make a tender of this refund to plaintiff. In addition to the two postal money orders for $120, defendant gave the Deputy Sheriff $60 in cash and directed the Deputy Sheriff, so the Deputy Sheriff testified, to first offer plaintiff $150 if he would vacate the premises immediately, but that if he refused, to make a second offer within a day or two to pay $180 to plaintiff to vacate the premises. The first offer was made on or about January 22, 1946 and the second on January 25, 1946.

The Deputy Sheriff testified that he understood defendant to direct him to make the offers of $150 and $180 to plaintiff conditionally upon plaintiff's vacating the premises and that the offers were so made. Plaintiff refused to accept both offers.

When the second tender was made plaintiff suspected, because of the wording on the postal money orders, that he had been overcharged for rent and immediately contacted the Office of Price Administration in his area and learned that the Office of Price Administration suspected that he had been overcharged $30 per month for the four months he had occupied said premises. On the day plaintiff was so advised he placed this case in the hands of an attorney and demanded that he be compensated to the extent of treble damages for the overcharge, plus attorney's fee. Plaintiff testified this was done on January 25, 1946.

Defendant testified he authorized the Deputy Sheriff to deliver the two postal money orders to plaintiff, unconditionally, and to offer plaintiff $30 in addition to vacate the premises and if plaintiff refused to accept this amount to subsequently offer $60 to vacate the premises. The answer sets out that the premises occupied by plaintiff adjoined those occupied by defendant and his wife and that defendant's son had recently returned from the service and defendant desired the premises for his son

and his family, but no testimony was offered upon this part of the answer.

On January 27, 1946 the Deputy Sheriff, having failed in his mission, returned the two postal money orders and the $60 to defendant and defendant took the money orders to the Area Rent Director to be tendered to plaintiff unconditionally as a refund on the claimed overcharge in rent and under date of January 28, 1946 the Area Rent Director wrote plaintiff advising him that he had in his possession for delivery to plaintiff said postal money orders in the amount of $120 and invited plaintiff to his office so that the refund could be made to him. Plaintiff responded to the letter and went to the office of the Area Rent Director, but declined to accept the $120, stating that he had turned the matter over to his attorney and refused to do anything in the case except through his attorney.

Finally on February 21, 1946, the Area Rent Director got around to notifying defendant that he had in his possession information indicating that the premises rented plaintiff were rented on January 1, 1944, the maximum rent date, for $15 per month and that he was considering issuing an order establishing the maximum rent on said housing accommodation at $15 per month, retroactive to February 1, 1945. And on February 26, 1946 the Area Rent Director issued an order establishing the maximum rent at $15 per month, effective as of February 1, 1945. This suit was instituted April 12, 1946 for the recovery of treble damages and a reasonable attorney's fee.

In his answer defendant sets out the efforts made by him to make the refund before the retroactive rent order was entered and filed and tendered to plaintiff with his answer the two postal money orders for the sum of $120.

The question before the court is whether, upon these facts, plaintiff is entitled to recover anything more than the two postal money orders tendered by defendant to plaintiff with the answer in this case.

The Court is convinced that the improper registration of the premises in question by defendant grew out of the fact that January 1, 1944 was fixed as the maximum rent date while February 1, 1945 was the effective date of rent control in the area. The evidence shows that the premises were not rented at $15 per month on February 1, 1945, the effective date of rent control in the area and while it is silent as to whether they were rented on January 1, 1944 at $15 per month the order of the Area Rent Director, establishing this as the proper rental for the property, is taken as conclusive evidence of that fact.

The evidence shows that as soon as defendant discovered the error he had made in registering the property he took appropriate steps to correct same. Defendant reduced the rent to $15 per month even in advance of an order by the Area Rent Director establishing it in that amount.

Upon the record the Court holds that plaintiff is entitled to take nothing by this suit, except the two postal money orders tendered him by defendant with his answer in this case. An order will be made directing the clerk to deliver the postal money orders to plaintiff, or his counsel, and denying the right of plaintiff to recover an attorney's fee for the services of his attorney and directing that no costs be taxed against the defendant; each party to bear such costs as were incurred and paid by him.

Defendant claimed in his answer a counterclaim of $11 due as plaintiff's share of a joint electric bill for electricity furnished the two premises on one meter, but as defendant offered no testimony with reference to this counterclaim, the same is denied.